UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY O'CONNOR,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al.,<br><br>        Defendants. | ) Case No. CV 12-9403 GHK(JC)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

On November 1, 2012, plaintiff Mary O'Connor ("plaintiff"), who is proceeding *pro se*, paid the filing fee and filed a Complaint raising multiple claims against multiple defendants ("Complaint"). The Complaint reflects that plaintiff's address is: P.O. Box 40301, Pasadena, CA 91114 ("Address of Record"). A notice issued on December 27, 2012 and an order issued on January 7, 2013 were sent to plaintiff at her Address of Record, but were returned by the Postal Service as undeliverable and received by the Clerk on February 7, 2013. (Docket Nos. 3-8). Accordingly, on February 12, 2013, the assigned Magistrate Judge issued an order ("February 12 Order" or "Order to Show Cause") directing plaintiff, by not later than February 22, 2013, to update the Address of Record and to show cause why this action should not be dismissed for lack of prosecution. The February 12 Order, which was sent to plaintiff at her Address of Record, also expressly

cautioned that the failure timely to comply therewith might result in the dismissal of this action for want of prosecution and/or failure to comply with such order. On February 19, 2013, the February 12 Order was returned by the Postal Service as undeliverable.

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of her current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the notice issued on December 27, 2012 and the order issued on January 7, 2013 were sent to plaintiff at her Address of Record, and returned by the Postal Service. To date, plaintiff has not notified the Court of her current address. Nor, presumably because it was returned undelivered, has plaintiff timely responded to the Order to Show Cause.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1  alternatives.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v.
2  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).
3       The Court finds that the first two factors – the public's interest in
4  expeditiously resolving this litigation and the Court's interest in managing the
5  docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance
6  indefinitely based on plaintiff's failure to notify the Court of her correct address.
7  See Carey, 856 F.2d at 1441 ("It would be absurd to require the district court to
8  hold a case in abeyance indefinitely just because it is unable, through plaintiff's
9  own fault, to contact the plaintiff to determine if his reasons for not prosecuting his
10 lawsuit are reasonable or not.").  The third factor, risk of prejudice to defendants,
11 also weighs in favor of dismissal since a presumption of injury arises from the
12 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,
13 Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy
14 favoring disposition of cases on their merits, is greatly outweighed by the factors in
15 favor of dismissal discussed herein.  Finally, given the Court's inability to
16 communicate with plaintiff based on her failure to keep the Court apprised of her
17 current address, no lesser sanction is feasible.  See Musallam v. United States
18 Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).
19      Accordingly, it is ORDERED that this action is dismissed for lack of
20 prosecution.
21 DATED:   2/26/13

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

3